## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (RICHMOND, VIRGINIA)

| | |
|---|---|
| RICARDO JESUS LAZO MARTINEZ <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> *On Behalf of Himself and* <br> *Others Similarly Situated* <br><br> PLAINTIFF, <br><br> v. <br><br> EAST COAST INTERIORS, INC. <br> 11000 Trade Road <br> North Chesterfield, Virginia 23236 <br><br> SERVE: Bryan K Streeter, Esq. <br> 6958 Forest Hill Avenue <br> Richmond, Virginia 23225 <br><br> And <br><br> RANDY EASLICK <br> 11000 Trade Road <br> North Chesterfield, Virginia 23236 <br><br> DEFENDANTS. | Case No.: **3:19-cv-00423-JAG** |

### COLLECTIVE ACTION COMPLAINT

Plaintiff Ricardo Jesus Lazo Martinez ("Plaintiff"), by and through undersigned counsel, on behalf of himself and all others similarly situated, hereby submits his Collective Action Complaint against Defendant East Coast Interiors, Inc. ("ECI") and Randy Easlick ("Easlick") (together, "Defendants") to recover unpaid wages and statutory damages and other herein identified relief under the Fair Labor Standards Act ("FLSA"), and for cause, states as follows.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Manassas, Virginia.

2. By acting as the named plaintiff in this action, Plaintiff hereby affirms his consent to participate as a plaintiff in a collective action under the FLSA and for all other relief sought herein.

3. ECI is a corporation formed under the laws of Commonwealth of Virginia with its principal place of business in North Chesterfield, Virginia.

4. For the time period of at least June 2016 through the present ("the relevant time period"), ECI has offered construction, drywall, framing, and related services to clients in Virginia, Maryland, and a variety of other states and jurisdictions.

5. For the relevant time period, ECI has operated substantially and continuously in the Commonwealth of Virginia, the State of Maryland, and a variety of other states and jurisdictions.

6. For the relevant time period, Plaintiff and other similarly situated individuals have performed construction, drywall, framing, and related services for the benefit of ECI's customers in the Commonwealth of Virginia, the State of Maryland, and a variety of other states and jurisdictions.

7. For the relevant time period, Plaintiff and other similarly situated individuals performed employment work duties primarily for ECI's benefit in the Commonwealth of Virginia, the State of Maryland, and a variety of other states and jurisdictions.

8. At all times relevant, Easlick was the primary owner and the controlling officer of ECI.

9. At all times relevant, Easlick was the individual in charge of the day-to-day operations of ECI.

10. At all times relevant, Easlick was the most senior supervisor and manager for Plaintiff and other similarly situated individuals.

11. At all times relevant, Easlick individually set, controlled, and dictated work schedules and work duties for Plaintiff and other similarly situated individuals.

12. At all times relevant, Easlick individually set and determined the rate and method of pay for Plaintiff and other similarly situated individuals.

13. At all times relevant, Easlick was in charge of keeping and maintaining employment records for Plaintiff and other similarly situated individuals.

14. At all times relevant, both Defendants were the "employers" or "joint employers" for Plaintiff and other similarly situated individuals purposes of the FLSA.

15. At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

16. At all times relevant, Defendants hand annual gross sales exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

17. At all times relevant, Plaintiff and all other individuals employed by Defendants were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. This Court has subject matter jurisdiction over this matter because Plaintiff brings claims against Defendants under the FLSA, a Federal labor and employment law presenting a Federal question for this Court.

19. In consideration of the foregoing venue are proper in this Court.

### **FACTS**

20. For the time period of about May 2016 through about April 2019, Plaintiff was employed by Defendants to perform construction, drywall, framing, and related duties for Defendants' customers in the Commonwealth of Virginia, the State of Maryland, and variety of other states and jurisdictions.

21. While in Defendants' employ, Plaintiff's hours worked per week varied from week to week depending on season, weather, and the daily or weekly work assigned by Defendants.

22. In many weeks while in Defendants' employ, Plaintiff worked more than forty (40) hours per week.

23. In many weeks while in Defendants' employ, Plaintiff worked more than fifty (50) hours per week.

24. In some particularly busy weeks while in Defendants' employ, Plaintiff worked more than sixty (60) hours per week.

25. On information and belief, Defendants have, in their sole possession, records of all hours that Plaintiff worked each week while in Defendants' employ.

26. At all times during Plaintiff's employment, Defendants had knowledge of all hours that Plaintiff worked.

27. While in Defendants' employ, Defendants paid Plaintiff as an hourly employee at the most recent hourly rate of $20.00 per hour.

28. At all times while in Defendants' employ, Defendants paid Plaintiff at his regular hourly rate for all hours Plaintiff worked each week including overtime worked each week in excess of forty (40) hours.

29. Defendants never paid Plaintiff at the rate of one-and-one half (1½) times Plaintiff's regular rate of pay for overtime worked in excess of forty (40) hours per week.

30. On information and belief, at all times during Plaintiff's employ, Defendants had actual knowledge of the Federal time-and-one-half overtime pay requirement.

31. On information and belief, at all times during Plaintiff's employ, Defendants had actual knowledge that Plaintiff was not exempt from the Federal time-and-one-half overtime pay requirement.

32. On information and belief, at all times during Plaintiff's employ, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff for overtime worked in excess of forty (40) hours per week violated the Federal time-and-one-half overtime pay requirement.

## COLLECTIVE ACTION ALLEGATIONS

33. During the relevant time period, approximately twenty-five (25) to fifty (50) other similarly situated individuals are currently or have been employed by Defendants performing construction, drywall, framing, and related duties for Defendants' customers in the Commonwealth of Virginia, the State of Maryland, and a variety of other states and jurisdictions.

34. The duties, responsibilities, and activities of these other similarly situated individuals were and/or are essentially the same as the duties, responsibilities, and activities that Plaintiff performed for the benefit of Defendants and their customers.

35. The other similarly situated individuals were paid by Defendants on an hourly basis.

36. The hours worked by the other similarly situated individuals varied from workweek to workweek.

37. During the relevant time period, the other similarly situated individuals often worked more than forty (40) hours in many workweeks.

38. During the relevant time period, Defendants paid the other similarly situated individuals at their regular hourly rate for all hours worked each week including overtime worked in excess of forty (40) hours per week.

39. At no time did Defendants pay the other similarly situated individuals at the rate of one and one-half times their regular rate of pay for overtime worked in excess of forty (40) hours per week.

40. Because the other similarly situated individuals and Plaintiff were paid "straight time" for overtime hours worked in excess of forty (40) hours each week, Plaintiff and other similarly situated individuals are owed unpaid "half time" overtime compensation, plus liquidated damages, plus attorneys' fees and costs.

### CAUSE OF ACTION
### Violation of Federal Fair Labor Standards Act
### (Overtime)

41. Plaintiff re-alleges and re-asserts each allegation set forth above, as if each were set forth herein.

6

42. As set forth above, while in Defendant's employ, Plaintiff regularly worked overtime in excess of forty (40) hours per week.

43. As set forth above, Defendants paid Plaintiff "straight time" at Plaintiff's regular hourly rate for all hours Plaintiff worked each week and failed to compensate Plaintiff fully and properly and as required by the FLSA for overtime worked in excess of forty (40) hours per week.

44. Defendants' actions of violating the FLSA overtime compensation requirements were not the product of objective good faith or otherwise objectively reasonable.

45. Defendants' failure and refusal to pay Plaintiff overtime wages as required by the FLSA was willful and intentional.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others that join or otherwise "opt-in" to this action) for all unpaid overtime wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*